

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MACHUCA-TELLEZ, | No. 06-71620 |
| Petitioner, | Agency No. A035-939-897 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Order of Transfer from the United States District Court
for the District of Arizona
Susan K. Bolton, District Judge, Presiding

Submitted July 15, 2010**
San Francisco, California

Before: TALLMAN and BYBEE, Circuit Judges, and BURGESS, United States
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

Petitioner Juan Machuca-Tellez requests that we treat his petition for a writ of habeas corpus, originally filed in the district court pursuant to 28 U.S.C. § 2241 and subsequently transferred here on motion of the Attorney General, as a petition for review. We cannot construe the underlying petition as a petition for review of the Board of Immigration Appeals's 2000 order of removal because it was filed after the effective date of the REAL ID Act of 2005. *See Iasu v. Smith*, 511 F.3d 881, 888–89 (9th Cir. 2007) (finding it "improper to allow a habeas petition that was not pending on or before May 11, 2005, to be treated as a petition for review"). The Attorney General concedes that it erroneously obtained the transfer order because it now realizes Petitioner's habeas corpus petition was not pending at the time the REAL ID Act went into effect. *See id.* at 888 (stating that the petitioner could not use the "statutory replacement" of direct review of a transferred habeas petition because no habeas petition was pending on the REAL ID Act's effective date).

To the extent that the § 2241 petition challenged the conditions of Machuca-Tellez's detention in 2005, it is dismissed as moot because he was removed to Mexico on or about January 23, 2006.

**DISMISSED.**